NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MARLABS INCORPORATED, | : | Hon. Dennis M. Cavanaugh |
|  | : |  |
| Plaintiff, | : | **OPINION** |
| v. | : |  |
|  | : | Civil Action No.: 07-cv-04074 (DMC)(MF) |
| ACHEN JAKHER, | : |  |
|  | : |  |
| Defendant. | : |  |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motions of Defendant Achen Jakher ("Defendant") to (1) vacate default judgment entered for Plaintiff Marlabs Incorporated ("Plaintiff") by the Clerk of the United States District Court, District of New Jersey, on August 6, 2009, and (2) to dismiss Plaintiff's Complaint for insufficient service of process.

Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, Defendant's motion to vacate the default judgment is **granted** and Defendant's motion to dismiss Plaintiff's Complaint is **denied**.

### I. BACKGROUND[1]

On August 24, 2007, Plaintiff commenced an action in this Court against Defendant, seeking unspecified damages and injunctive relief.

To effect service of process upon Defendant, who was located in India, Plaintiff retained Chakrapani Misra, an attorney with Khaitan & Co., Mumbai, India. Mr. Misra arranged for R.S.

---

[1] The facts in the Background section have been taken from the parties' submissions.

Mandal, a properly authorized process server under Indian law, to serve the Summons and Complaint upon Defendant.

On October 24 and October 31, 2007, Mr. Mandal attempted to serve the Summons and Complaint upon Defendant at Svelte Systems ("Svelte"), which Plaintiff understood to be Defendant's place of employment. On his first attempt, on October 24, 2007, Mr. Mandal arrived at Svelte Systems and spoke with Mr. Ashoke, Human Resources Executive at Svelte, who arranged for Mr. Mandal to speak with Defendant via telephone. Defendant asked that Mr. Mandal come back at a later date. On October 31, 2007, Mr. Mandal again returned to Svelte to attempt to serve the Summons and Complaint. Mr. Mandal met with Mr. Ashoke, who placed a call to Defendant. Shortly thereafter, Mr. Ashoke received a phone call from Mrs. Dhankad, an attorney. On this phone call, Mrs. Dhankad advised Mr. Mandal to leave his contact information with Mr. Ashoke so that Defendant could contact Mr. Mandal at a later time. Defendant never contacted Mr. Mandal.

Thereafter, Marlabs learned that India had become a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, and attempted to serve Defendant using the procedure authorized therein. In so doing, Marlabs retained Guaranteed Subpoena Service ("Guaranteed"), an entity specializing in service of process, including service in foreign countries. On March 20, 2008, Guaranteed forwarded the Summons and Complaint, Civil Cover Sheet, and Rule 7.1 Statement to the proper judicial authority in India as required under the Convention.

On September 18, 2008, the Clerk for the United States District Court, District of New Jersey, sent Plaintiff a Notice of Call for Dismissal Pursuant to FED. R. CIV. P. 4(m) for its failure to effect upon Defendant service of the Summons and Complaint within 120 days. On September

25, 2008, Plaintiff requested that the matter not be dismissed because it was encountering problems in effecting service on Defendant in India.  On September 28, 2008, the Court withdrew the Rule 4(m) Notice, but requested that Plaintiff provide the Court with a status on service within 30 days.  On October 24, 2008, Plaintiff advised the Court that service on Defendant in India could take in excess of six (6) months and attached an affidavit of its process server in support of same, again requesting that the action not be dismissed.

In late July, 2009, Plaintiff received a report form Guaranteed detailing the efforts made to serve Defendant in India.  The individual charged with serving process by the Indian Judicial Authority provided a sworn statement that he went to Defendant's place of business (Svelte) and attempted to personally serve him on or about November 25, 2008.  Unable to serve Defendant directly, the process server affixed the papers at a conspicuous location in the office.  Defendant, although not denying that Svelte was his employer, asserts that he worked in a different office.[2]

On August 4, 2009, Plaintiff filed a Motion for Entry of Default.  On August 6, 2009, the Clerk entered a default against Defendant.  Defendant now brings motions to vacate the default judgment, and to dismiss for failure to effectuate service of process.

## II. DISCUSSION

The Court will consider Defendant's **(A)** motion to dismiss for insufficient service of process, and **(B)** motion to vacate the default judgment.

### A. Motion to Dismiss

Defendant asserts that he was not properly served, and that the case must, accordingly, be

---

[2] Defendant's affidavit indicates that he worked at Svelte Systems' headquarters in New Delhi, not the Gurgoan office where Plaintiff attempted service on a number of occasions.

-3-

dismissed pursuant to FED. R. CIV. P. 12(b)(5). Defendant's motion is denied.

        1. *Applicable Law*

An individual may be served at a place not within any judicial district of the United States by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention. See FED. R. CIV. P. 4(f)(1). Any action "where there is occasion to transmit a judicial or extrajudicial document for service abroad" is subject to The Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, at 362, Art. 1 ("Hague Convention"). See Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 699 (1988).

A foreign individual may also be served in a foreign jurisdiction by other means not prohibited by international agreement, as the court orders. See FED. R. CIV. P. 4(f)(3); LG Elecs., Inc. v. ASKO Appliances, Inc., 2009 U.S. Dist. LEXIS 53391, at *13-14 (D.N.J., June 23, 2009).

        2. *Analysis*

Defendant is a resident of India. Both India and the United States are signatories to the Hague Convention. Accordingly, Plaintiff attempted to serve Defendant in accordance with the Hague Convention.

During the period of 2007-2009, Plaintiff hired a process server in the United States and retained an attorney in India in an effort to properly serve Defendant. Although Plaintiff's process server made several attempts to serve Defendant at Svelte, he was unable to directly communicate with Defendant. The process server, accordingly, affixed the Summons and Complaint to a conspicuous place in the Svelte office.

Defendant counters that he did not work at the Svelte location where Plaintiff attempted to

serve him. What is clear, however, is that Defendant was in contact with Svelte personnel, as he was immediately contacted by a company employee (Mr. Ashoke) when the process server arrived at Svelte (Gurgoan office) with the Summons. See, e.g., Pollen v. Comer, 2007 U.S. Dist. LEXIS 46906, at *38 n.10 (D.N.J. June 28, 2007) (determining that service upon a receptionist at defendant's place of business, who agreed to forward the complaint and summons to defendant, was proper under the Hague Convention). In any case, the Court observes that Plaintiff made numerous attempts to locate and serve Defendant.

In an abundance of caution, and in light of Defendant's denial of having been served, the Court will instruct that Defendant be served through his counsel. Other district courts have permitted service by such means where previous attempts as service were unsuccessful. For example, in Prediction Co. LLC v. Rajgarhia, the Court permitted an individual located in India to be served through counsel. See 2010 U.S. Dist. LEXIS 26536, at *5-6 (S.D.N.Y., March 22, 2010). There, the Court noted that the plaintiff attempted to effectuate service and that the "Court's intervention was warranted [as Plaintiff] has met its burden, having actively, though unsuccessfully, attempted to obtain Rajgarhia's address in a variety of ways." Id. The Court explained,

> Sending a copy of the summons and complaint to [defendant's attorney] and requesting that [he] forward the documents to Rajgarhia is reasonably calculated to apprise Rajgarhia of the pendency of the action and afford him an opportunity to present objections. Though [defendant's attorney] presently appears not to know Rajgarhia's address, [he] and Rajgarhia have been in recent contact, which strongly indicates that [he] will succeed in forwarding the summons and complaint to Rajgarhia. It is also reasonably likely that Rajgarhia will receive the summons and complaint via a message to his recently-used email address. Finally, I must emphasize that Rajgarhia is aware of this suit.

Id.³ Similarly, here, Plaintiff made several attempts to contact Defendant at what it thought to be his place of business, Svelte. Defendant denies that he worked at this particular Svelte office (in Gurgoan), although Defendant was in contact with Mr. Ashoke who worked at that location.

This Court will permit Defendant to be served through counsel, as it is apparent that he is in contact with his attorney. Service upon Defendant through his attorney comports with constitutional due process, which requires, "notice reasonably calculated, under all the circumstances, to apprise [him] of the pendency of the action and afford [him] an opportunity to present [his] objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950); see also id.; LG Elecs., 2009 U.S. Dist. LEXIS 53391, at *13-14 (determining that service upon a foreign defendant through counsel was appropriate as "this Court finds that, pursuant to Rule 4(f)(3), service upon an attorney is warranted in order to prevent further delays in litigation; noting "that the regularity of contact between [Defendant] and [its attorney] Howrey clearly demonstrate that [Defendant] is on notice of the contents of the instant complaint."); RSM Prod. Corp. v. Fridman, 2007 U.S. Dist. LEXIS 58194, at *6 (S.D.N.Y. Aug. 10, 2007) (authorizing service on defendant's United States counsel).

Defendant's motion to dismiss for insufficient service of process is denied, and Defendant is hereby ordered to be served in accordance with this Opinion and the accompanying Order.

### B. Motion to Vacate Default Judgment

Defendant next moves to vacate the default judgment entered against him on August 6, 2009.

---

³ The Court also stated that "it is worth observing the inapplicability of the Hague Convention, to which India is a signatory, because Rajgarhia's [Defendant's] address is not known to Prediction." Likewise, here, Defendant contends that Plaintiff not located the proper address for him in India, despite several attempts. This further supports the Court's decision to direct a method of service pursuant to Rule 4(f)(3).

Defendant asserts that the default should be vacated as he has satisfied the Third Circuit's substantive test for vacating entry of default.[4]  This Court agrees.

      1. *Applicable Law*

A decision to set aside the entry of default is left primarily to the discretion of the District Court. Bailey v. United Airlines, 279 F.3d 194, 204 (3d Cir. 2002); see also United States v. $55,518.05 in U.S. Currency, 728 F.2d 192 (3d Cir. 1984).  However, in a close case, doubts should be resolved in favor of setting aside the default and reaching a decision on the merits, Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982), as the Third Circuit "does not favor entry of default or default judgments." United States v. $55,518.05 in U.S. Currency, 728 F.2d at 194-195.

Three factors should be evaluated when considering a motion to set aside a default under FED. R. CIV. P. 55(c) or to reopen a default judgment under FED. R. CIV. P. 60(b):  first, whether the plaintiff will be prejudiced; second, whether the defendant has a meritorious defense; and third, whether culpable conduct of the defendant led to the default. Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d. Cir. 1984).

      2. *Analysis*

First, there is no prejudice to Plaintiff if default is vacated. For a finding of prejudice, there must be a "loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir. 1982). None of these indicators of prejudice weigh against vacating default here.

---

[4] Defendant also asserts that the default should be vacated because it was void as (1) Plaintiff failed to properly effect service of process, and (2) the entry of default was not in compliance with FED. R. CIV. P. 55. These two arguments are moot in light of the Court's discussions in Section II.A.2 and II.B.2, respectively.

Second, Defendant asserts that he can establish a meritorious defense. He asserts that the allegations against him are false and devoid of any factual merit. That is, Defendant denies obtaining access to Plaintiff's computer networks without authority or in excess of limited authority, denies misusing electronic data or information from its computers, denies forwarding e-mails from management to other recipients, and denies obtaining and/or misusing Blackberry devices belonging to Plaintiff. Defendant has also disputed Plaintiff's allegations by contending that the relationship between he and Plaintiff was, in fact, amicable during much of the relevant time period. Although Defendant's denial of Plaintiff's allegations is fairly minimal, his response is sufficient to indicate that Defendant may potentially have a meritorious defense.

Third, while it is unclear on the present record, the Court cannot conclude that Defendant's conduct led to the default. Defendant alleges that the process server retained by Plaintiff attempted service at the wrong address. See Defendant's Reply, at 7. Defendant also claims that he sought counsel upon learning of the existence of this suit. Id. Any doubt with respect to whether Defendant's conduct led to the default should be resolved in favor of setting aside the default and reaching a decision on the merits. See, e.g., Scholz Design, Inc. v. Annunziata, 2007 U.S. Dist. LEXIS 65392, at*6 (D.N.J. Sept. 4, 2007) (vacating default entered against defendant, noting that while plaintiff accused defendant of intentionally avoiding service, defendant responded that the failure to effect service resulted from plaintiff's failure to serve at the proper address). In light of the dispute between the parties as to the reason for the delay in service of process, this Court "cannot conclude with sufficient certainty that Defendant acted willfully or in bad faith to delay service" so as to justify maintaining the entry of default. Id. (internal citations and quotation marks omitted).

The Court will set aside the default judgment entered against Defendant on August 6, 2009.

### III. CONCLUSION

Defendant's motion to dismiss for insufficient service of process is **denied,** and Defendant's motion to vacate the default judgment is **granted**.  An appropriate Order accompanies this Opinion.

                                                                  S/ Dennis M. Cavanaugh
                                                                 Dennis M. Cavanaugh, U.S.D.J.

Date:            April   22   , 2010
Original:        Clerk's Office
cc:              All Counsel of Record
                 File